Gerald D. BARNES *v.* PEARSON
TERMITE AND PEST CONTROL,
INC. and Elmer T. PEARSON,
Individually

80-164                                              608 S.W. 2d 19
Supreme Court of Arkansas
Opinion delivered December 1, 1980

*Henry Branscum, Jr.*, for appellant.

*Joe Cambiano*, for appellee.

FRANK HOLT, Justice. These parties were previously before this court in *Barnes* v. *Pearson Termite and Pest Control, Inc.*, 266 Ark. 635, 587 S.W. 2d 823 (1979). The facts leading up to this appeal are set out fully in that case. Briefly, the parties had been in business together; when Barnes became ill, Pearson terminated the corporation and started his own business. Upon suit by Barnes for his share of the profits, the chancellor found the corporation was dissolved as of November 1, 1976, entering his order on June 1, 1977, that each receive 1/2 of the accounts of customers of the corporation. We affirmed.

During the pendency of that appeal, appellant filed a petition which forms the basis of the present appeal, alleging he had learned since June 1, 1977, that appellee had failed to properly divide some 83 business accounts. He requested the court to order an accounting and division of the funds received by appellee on these accounts since June 1, 1977. Appellee answered, denying the allegations, asserting, *inter alia*, that he had not failed to disclose the accounts and he had properly received them in the division of their assets. The chancellor appointed a master to examine the disputed accounts. Thereafter, following our decision, the chancellor ordered the accounting by the master to continue in order to determine if the accounts were acquired prior to or after November 1, 1976. The appellant then amended his petition to include a request for a bill of review of the decree, alleging the evidence as to the accounts was not known by him nor discoverable at the time of the first trial. The chancellor had a hearing on appellee's motion to dismiss. No testimony was taken, both

attorneys merely arguing the cause to the court. At that hearing the chancellor had before him some 83 accounts introduced by the appellee, who observes that the chancellor, after looking at them, apparently decided no further testimony was necessary. These exhibits are not abstracted. It appears the report of the master was not considered. The chancellor indicated the basis for his dismissal of appellant's petition was our decision which recognized the chancellor's determination that the corporation terminated on November 1 was final. However, the chancellor made no finding on the record presented that the accounts arose prior or subsequent to that date. He merely stated the court was ruling the assets or accounts receivable, which were in existence as of November 1, 1976, would be subject of an equitable division between the parties; any accounts arising thereafter would be the individual accounts of the parties.

Appellant contends the chancellor erred in failing to receive the report from the master; in rendering a decision, contrary to his apparent finding that the dates of the accounts were a matter to be determined; in dismissing the petition without any proof on the matter; and in holding this court's decision precluded appellant from receiving the requested relief.

In the first appeal, we upheld, *inter alia*, the chancellor's determination that the corporation was terminated on November 1, 1976. Therefore, unless the accounts contested here arose prior to that date and were not discoverable by appellant, his petition was properly dismissed. However, we cannot determine from the record if that was, indeed, the basis upon which the chancellor dismissed appellant's petition. Appellant's argument, as we understand it, is that he is entitled to a hearing for the purpose of enforcing the chancellor's decree; i.e., to an equal division of the assets, not discoverable by him, which existed on November 1, 1976. Appellee's argument is that all assets on that date were properly and equally divided.

We remand the cause with directions to determine this disputed factual issue.

Reversed and remanded.